Lorenzo Luna **RAMIREZ;** et al., Petitioners,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73844.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 23, 2009.*

Filed March 9, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lorenzo Luna Ramirez, Los Angeles, CA, pro se.

Bernardina Flores Luna, Los Angeles, CA, pro se.

Leah V. Durant, Esquire, Susan K. Houser, Esquire, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, HAWKINS and GOULD, Circuit Judges.

## MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioners' motion to reopen was filed beyond the 90–day deadline, and petitioners have not contended that any exceptions to this time limit apply, the BIA did not abuse its discretion in denying petitioners' untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Accordingly, this petition for review is summarily denied in part because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

Respondent's unopposed motion to dismiss this petition for review for lack of jurisdiction in part is granted. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Fernandez v. Gonzales,* 439 F.3d 592, 601 (9th Cir.2006) (concluding that the court lacks jurisdiction to review the Board of Immigration Appeals' denial of motion to reopen for failure to establish a prima facie case if a prior adverse discretionary decision was made by the agency).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED, in part; DISMISSED, in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.